Curtis Levon **RUFFIN, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 14–97–00546–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 9, 1999.

---

Vivian R. King, Houston, for appellants.

B. Warren Goodson, Jr., Houston, for appellees.

Panel consists of Justices HUDSON, FOWLER, and BAIRD.*

## OPINION

CHARLES F. BAIRD, Justice.

Appellant was charged by indictment with the offense of sexual assault. He pled guilty to the charged offense and the trial court assessed punishment at ten years confinement in the Texas Department of Criminal Justice—Institutional Division. Appellant raises six points of error. We affirm.

### I. Ineffective Assistance of Trial Counsel

In his first point of error, appellant contends trial counsel was ineffective in failing to inform appellant that as a consequence of his plea, he would be required to register as a sex offender.[1] Appellant argues his guilty plea entered on April 7, 1997, was involuntary because trial counsel "failed to properly advise him, on the rec-

---

* Former Judge Charles F. Baird sitting by assignment.

1. Specifically, point of error one states: "Appellant received ineffective assistance of counsel at trial when his trial attorney failed to advise him, on the record, that one of the consequences of his plea was that he would be a registered sex offender, in violation of the 6th & 14th Amendments of the United States Constitution; Article I, Section 10 of the Texas Constitution; and Articles 1.05 & 26.13 of the Texas Code of Criminal Procedure, rendering his plea of guilty to the Court involuntary."

ord, either orally or in writing, that as a direct and irreversible consequence of his plea of guilty to sexual assault, attached the requirement that he abide by the onerous guidelines of Registered Sex Offender statute." Appellant concedes that at the sentencing hearing on May 6, 1997, a written document entitled "Sexual Offender Notification and Certification," which explains the reporting requirements, was signed by the trial court and appellant.

■■■ The Sixth Amendment guarantee of reasonably effective assistance of counsel applies at the time a defendant enters a plea to the charging instrument. *See McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970). When a defendant enters a plea of guilty or *nolo contendere* upon the advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance of counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex.Crim. App.1997). The Sixth Amendment's guarantee does not extend to collateral aspects of the prosecution. *See Morrow*, 952 S.W.2d at 536 (citing *Varela v. Kaiser*, 976 F.2d 1357 (10th Cir.1992)). In other words, counsel is required by the Federal Constitution to advise a defendant of the direct consequences but not the collateral consequences of the plea. *See id.* at 537 (citing *United States v. Campbell*, 778 F.2d 764 (11th Cir.1985)).[2] The consequences were distinguished in *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir.1973): "The distinction between direct and collateral consequences of a plea ... turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *See also* II LaFave, Criminal Procedure § 20.4(d).[3] The defendant bears the burden of proving ineffective assistance of counsel claims by a preponderance of the evidence. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998); *Riascos v. State*, 792 S.W.2d 754, 758 (Tex.App.—Houston [14th Dist] 1990, pet. ref'd). A claim of ineffective assistance of counsel must be determined upon the particular facts and circumstances of each individual case. *See Jimenez v. State*, 804 S.W.2d 334, 338 (Tex.App.—San Antonio 1991, pet. ref'd). Allegations of ineffective assistance of counsel will be sustained only if they are firmly founded and affirmatively demonstrated in the record. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App.1996); *Jimenez*, 804 S.W.2d at 338.

■■■ We now consider whether the requirement to register as a sex offender is a direct or collateral consequence of a plea. The Sexual Offender Registration Program requires a person convicted of an

2. We pause to note that this standard conflicts with *People v. Garcia*, 799 P.2d 413, 415 (Colo.App.1990), aff'd, 815 P.2d 937 (Colo. 1991): "Although a defendant need not be advised of all collateral consequences of a guilty plea, if counsel has reason to know that particular collateral consequences are a concern to a defendant, but fails to conduct appropriate research, then failure to advise the defendant properly of those consequences may constitute ineffective assistance of counsel if the failure resulted in prejudice." Moreover, it is highly desirable that counsel develop the practice of advising defendants of the collateral consequences of the plea. *See United States v. Campbell*, 778 F.2d at 765.

3. The *Morrow* court set forth the following as examples of collateral consequences of a plea: deportation, enhancement of punishment, mental health commitment proceedings, loss of good time credit, consecutive sentences, deprivation of right to vote and to travel abroad, undesirable discharge from military, loss of public or private employment, driver's license suspension and loss of the right to possess firearms. 952 S.W.2d at 536, 539 (cases cited therein).

enumerated offense to register with local law enforcement authority in any municipality in which the person expects to reside for longer than seven days. *See* TEX. CODE CRIM. PROC. ANN. art. 62.02(a) (Vernon Supp.1999). In the instant case, appellant will be required to so register when he is discharged or paroled. *See id.* at art. 62.02(b)(4). Failure to comply with the requirements of this chapter constitutes a state jail felony. *See id.* at art. 62.10(b).

Under the present statutory scheme, appellant is not required to register until some unknown date in the future, which is contingent upon his release from confinement in the Texas Department of Criminal Justice—Institutional Division. Further, there is no additional penalty or punishment for appellant related to the registration requirement unless he fails to comply with the statute. We find that these two factors do not represent "a definite, immediate and largely automatic effect" on appellant's range of punishment. *See Cuthrell*, 475 F.2d at 1366. Indeed, they have no impact on the range of punishment for the instant offense and represent only the *possibility* of punishment should appellant fail to comply with the terms of the program upon his release from confinement. Therefore, we hold the requirement to register as a sex offender is not a direct consequence of a plea of guilty to the

offense of sexual assault. This position is consistent with *In re B.G.M.*, 929 S.W.2d 604, 606–07 (Tex.App.—Texarkana 1996, no writ), which holds the Sexual Offender Registration Program is "to be remedial rather than punitive and the consequences of registration to be collateral rather than direct."

For these reasons, we hold trial counsel was not required under the Sixth Amendment to the United States Constitution to inform appellant that as a consequence of his plea he would be required to register as a sex offender.[4] We overrule appellant's first point of error.

## II. Admonishments of the Trial Court

In an argument similar to that advanced in the previous point, appellant contends in points of error two, three, and four that his plea was involuntary because the trial court failed to admonish appellant that as a consequence of his plea of guilty to the offense of sexual assault he would be required to register as a sex offender.[5] We will address these points of error together.

Article 26.13(a) of the Texas Code of Criminal Procedure mandates that before accepting a guilty plea, the trial court must admonish a defendant of: (1) the punishment range; (2) the fact that the State's sentencing recommendation is

---

4. We will not address the contentions pertaining to article I, section 10 of the Texas Constitution or article 1.05 of the Texas Code of Criminal Procedure because appellant proffers no argument or authority as to the protection offered by those provisions or how their protection differs from the protection guaranteed by the U.S. Constitution. *See Narvaiz v. State*, 840 S.W.2d 415, 432 (Tex. Crim.App.1992); *Morehead v. State*, 807 S.W.2d 577, 579 n. 1 (Tex.Crim.App.1991); *McCambridge v. State*, 712 S.W.2d 499, 501–02 n. 9 (Tex.Crim.App.1986); *Garay v. State*, 954 S.W.2d 59, 64 (Tex.App.—San Antonio 1997, pet. ref'd).

5. Specifically, these points of error state:

Point of Error II: "Appellant's plea of guilty to the trial court was involuntary because he was not properly admonished

by the trial court that as a direct consequence of his plea, he would be a registered sex offender in violation of the Texas Code of Criminal Procedure, Article 26.13(d)." Point of Error III: "Appellant's plea of guilty to the trial court was involuntary because he was not properly admonished by the trial court as to the full range of punishment in that is plea of guilty to sexual assault requires that he register as a sex offender for a specific term of years, in violation of the Texas Code of Criminal Procedure, Article 26.13(d)." Point of Error IV: "Appellant's plea of guilty was involuntary and violative of due process of law because he was not admonished by the trial court that a direct consequence of his plea was that the law require that he register as a sex offender and that the admonishment given was incorrect and incomplete."

not binding on the court; (3) the limited right to appeal; and, (4) the possibility of deportation. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). The admonishments may be made either orally or in writing. *See id.* at art. 26.13(d). If the admonishments are made in writing, the defendant and his lawyer must file a statement that the defendant understood the admonitions and was aware of the consequences of the guilty plea. *See id.*

▆▆▆▆ The purpose and function of article 26.13 is to ensure only a constitutionally valid plea is entered by the defendant and accepted by the trial court. *See Meyers v. State,* 623 S.W.2d 397 (Tex. Crim.App.1981); *Ex parte Shuflin,* 528 S.W.2d 610, 615 (Tex.Crim.App.1975). To be constitutionally valid, a guilty plea must be knowing and voluntary. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The trial court's substantial compliance with article 26.13 establishes a prima facie case that the plea was valid. *See* art. 26.13(c); *Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). The burden then shifts to the defendant to affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment, or lack thereof. *See* art. 26.13(c); *Fuentes v. State,* 688 S.W.2d 542, 544 (Tex. Crim.App.1985). To substantially comply with article 26.13, the trial court need not advise the defendant of every aspect of law relevant to his case or sentencing, only the direct consequences of entering a guilty plea. *See State v. Vasquez,* 889 S.W.2d 588, 590 (Tex.App.—Houston [14th Dist.] 1994, no pet.). In this context, direct consequences of a plea are generally held to be those listed in the article 26.13 admonishments. *See Vasquez,* 889 S.W.2d at 590.

▆▆▆▆ A guilty plea is voluntary if the defendant is advised of all direct consequences of the plea; his ignorance of a collateral consequence does not render the plea involuntary. *See Brady,* 397 U.S. at 755, 90 S.Ct. 1463; *Vasquez,* 889 S.W.2d at 590. As we held in part I, *supra,* the requirement to register as a sex offender is not a direct consequence of a plea of guilty to the offense of sexual assault. Therefore, we hold the trial court's failure to admonish appellant of the registration requirement did not render his plea of guilty involuntary. We overrule the second, third, and fourth points of error.

## III. Presentence Investigation Report

In points of error five and six, appellant contends the trial court erred in not ordering the preparation of a presentence investigation report (PSI) as required by article 42.12, section 9 of the Texas Code of Criminal Procedure.[6] *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 9(a) (Vernon Supp.1999). The State responds that a PSI was prepared and timely submitted but is not a part of the appellate record because neither the State nor appellant offered or objected to the report at the punishment hearing.

▆▆▆▆ Appellate courts are permitted to supplement the appellate record if a relevant item has been omitted. *See* TEX. R.APP. P. 34.5(c). Accordingly, we directed the District Clerk of Galveston County to supplement the clerk's record in this case with the PSI, if one had been prepared. The clerk has complied with our request and a supplemental record, containing the PSI, has been filed in this court. Thus, appellant's complaint about the trial court's failure to order the preparation of a PSI is without merit. As to appellant's

---

**6.** Specifically, these points of error state:

"Point of Error V: The trial court did not direct the probation to conduct a presentence investigation as mandated by the Texas Code of Criminal Procedure, Article 41.12, Sec. 9(a);" and,

"Point of Error VI: The trial court did not direct the probation to conduct an alcohol evaluation to determine the appropriateness of an alcohol or drug rehabilitation and to report that evaluation to the court as required by the Texas Code of Criminal Procedure, Article 41.12, Sec. 9(h)."

sixth point of error, the PSI does contain the alcohol and drug evaluation prescribed by article 42.12, section 9(h)(2). Thus, appellant's sixth point of error is without merit. Accordingly, we overrule points of error five and six.

The judgment of the trial court is affirmed.