In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00141-CR


______________________________




BRIAN KEITH JACKSON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 28260-A




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Chief Justice Cornelius



O P I N I O N



 Brian Keith Jackson pleaded guilty, without a plea bargaining agreement, to aggravated
robbery. See Tex. Pen. Code Ann. § 29.02 (Vernon 1994). A presentence investigation (PSI)
report was prepared, and the trial court held a hearing on punishment, at which the victim of the
robbery testified. At the conclusion of the hearing, the trial court sentenced Jackson to imprisonment
for a term of fifty-five years. The trial court also made an affirmative finding that Jackson used a
deadly weapon in the commission of the offense. 

 On appeal, Jackson contends that his fifty-five-year sentence is disproportionate to the
offense. Jackson has failed to preserve this point on appeal. He raised no objection to the sentence
on the ground of disproportionality or any other ground. Jackson moved for a new trial, but the
motion does not attack the sentence on any ground alleged in Jackson's brief on appeal, or on any
other specific ground. In Jackson v. State, 989 S.W.2d 842 (Tex. App.-Texarkana 1999, no pet.),
we held that a defendant is required to raise in the trial court an objection to his sentence on grounds
similar to those raised here. If an objection is not made, the error is not preserved.

 Even if properly preserved, Jackson's contentions are unavailing. As a general rule, as long
as the punishment imposed by the trial court is within the limits prescribed by the Legislature in a
valid statute, the punishment is not excessive, cruel, or unusual. McNew v. State, 608 S.W.2d 166,
174 (Tex. Crim. App. 1978); Latham v. State, 20 S.W.3d 63, 68 (Tex. App.-Texarkana 2000, pet.
ref'd); Jackson v. State, 989 S.W.2d at 846. 

 The offense of aggravated robbery is a first-degree felony. Tex. Pen. Code Ann. § 29.03(b)
(Vernon 1992). First-degree felonies are punishable by a term of life imprisonment, or any term of
imprisonment of not more than ninety-nine or less than five years. Tex. Pen. Code Ann. § 12.32(a)
(Vernon 1994). As Jackson's sentence of fifty-five years' imprisonment falls within this range, his
sentence does not constitute excessive, cruel, or unusual punishment.

 We have, however, recognized that a prohibition against disproportionate punishment is
recognized under the Eighth Amendment to the United States Constitution apart from whether the
punishment falls within the limits imposed by the Legislature. U. S. Const. amend. VIII; Latham
v. State, 20 S.W.3d at 68-69; Jackson v. State, 989 S.W.2d at 845. As we stated in Latham v. State, 

 We initially make a threshold comparison of the gravity of the offense against the
severity of the sentence, and then ask whether the sentence is grossly disproportionate 
to the offense. Only if we find such gross disproportionality do we then compare this
sentence to the sentences imposed for similar crimes in this and other jurisdictions. 

20 S.W.3d at 69. (1) 

 The offense in this case was the armed robbery of a liquor store in Kilgore. At the
punishment hearing, the State produced the testimony of William Gordon, who was working at the
store as a clerk at the time of the robbery. Gordon had been working at the store for about a year. 
Around 6:30 in the evening, two masked men with weapons entered the store and told Gordon to lie
down on the floor. Fearing for his life, Gordon complied. One of the robbers tried unsuccessfully
to handcuff Gordon behind his back. Gordon testified he could feel a weapon being pressed against
the back of his head. After the robbery, a weapon that had been kept under the counter of the store
was missing. A videotape of a part of the robbery was shown at the trial.

 Detective Frank Baggett of the Kilgore police, who also investigated the robbery, testified
he received a tip that led him to Jackson. He arrested Jackson on other outstanding warrants. 
Jackson, at his initial interview, denied that he participated in the robbery, but he provided the
detective with two names, Tommy Cox and Eric George. Based on that information, Baggett
obtained warrants on these two individuals. While Baggett was looking for these two men, Jackson
escaped from custody. He turned himself in two weeks later. Police located the weapons involved
in the robbery: a Browning 9mm Hi-Power pistol that had been taken from the liquor store, a
Winchester 12-gauge shotgun with a sawed-off barrel, and a Russian Baikal double barrel 12-gauge
shotgun. The two shotguns had been stolen, $12,703.00 was taken in the robbery, and Jackson was
found in possession of a large sum of money. Baggett testified that in a second statement Jackson
admitted his participation in the armed robbery. A stipulation of evidence, in which Jackson
admitted committing theft and placing Gordon in fear of imminent bodily injury and death, was
signed by Jackson and introduced in evidence. The PSI report, although not included in the record,
shows that Jackson had prior felony and misdemeanor convictions. 

 Considering these facts and the range of punishment available to the trial court, we conclude
that Jackson's sentence is not disproportionate to the crime. We are not required, therefore, to
compare the punishment imposed here with the punishments imposed for similar crimes in this and
other jurisdictions. Further, we note that Jackson provided no evidence of sentences for similar
crimes. See Latham v. State, 20 S.W.3d at 69.

 Although not designated as a separate issue on appeal, Jackson argues in his brief that the
appeal should be abated until the PSI report is made a part of the record in this case. In his initial
designation of the record on appeal, Jackson requested that the PSI report be included in the record. 
The State argues that we should not abate this appeal because Jackson does not point out how he was
harmed due to the actual PSI report not being included in the record. Reviewing the appellate rules,
we note that the PSI report is not designated as part of the mandatory appellate record that the trial
court is required to provide in every criminal appeal. Tex. R. App. P. 34.5(a)(2). Further, the rules
provide that in the case of both the clerk's record and the reporter's record, if something relevant is
omitted, the trial court, the appellate court, or any party may direct the clerk of court or the court
reporter to prepare, certify, and file in the appellate court a supplement containing the omitted
portion. Tex. R. App. P. 34.5(c)(1), 34.6(d). There is no question that we have the authority to order
the record supplemented with the PSI report. Ruffin v. State, 3 S.W.3d 140, 145 (Tex. App.-Houston
[14th Dist.] 1999, pet. ref'd). However, in this case, we decline to do so. We agree with the State
that Jackson has failed to demonstrate that he was harmed by the absence of the report from the
record. Both the State and Jackson referred to the report in oral argument, and there was no
objection that any reference to the report was inaccurate. Jackson could have requested a supplement
to the record. In Ruffin, the appellant contended the trial court erred in failing to order a PSI report,
to which the state responded that there was such a report, but that it was not in the record because
neither party introduced it into evidence. Further, the argument was made that the report did not
contain the statutorily required alcohol and drug evaluation. It is clear that an actual copy of the
report would be necessary for the appellate court to rule on those questions. Upon production of the
report, the first point of error was resolved, and upon a reading of the report, the second was also
resolved. Ruffin v. State, 3 S.W.3d at 145. In this case, the actual report is not necessary to a
disposition of the appeal.

 We find no reversible error. The judgment of the trial court is affirmed. 


 William J. Cornelius

 Chief Justice


Date Submitted: December 3, 2001

Date Decided: January 23, 2002


Publish

 
1. See Solem v. Helm, 463 U.S. 277, 290-91, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); Jackson
v. State, 989 S.W.2d 842, 845 (Tex. App.-Texarkana 1999, no pet.).