Opinion issued August 8, 2002







 

 

In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-01-00986-CR 

 01-01-00987-CR

 01-01-00988-CR 

 01-01-00989-CR 

 01-01-00990-CR

____________


SAMUEL PROPHET DAVIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause Nos. 833726, 860090, 863886, 866458, & 866459






O P I N I O N

 Appellant, Samuel Prophet Davis, pleaded guilty, without an agreed
recommendation of punishment, to the felony offenses of aggravated sexual assault,
two charges of aggravated robbery, and aggravated kidnapping. Following a
presentence-investigation (PSI) hearing, the trial court found appellant guilty,
revoked his community supervision that had been assessed for a prior conviction of
burglary, (1) and assessed punishment as follows: (1) two-years imprisonment and a
$300 fine for burglary of a building; (2) 90-years imprisonment and a $10,000 fine
for aggravated sexual assault; (3) 50-years imprisonment and a $10,000 fine each for
two charges of aggravated robbery; and (4) 50-years imprisonment and a $10,000 fine
for aggravated kidnapping. Appellant, in five points of error, argues that his guilty
plea was involuntary, his aggravated kidnapping conviction should be reversed, his
sentencing constitutes cruel and unusual punishment and a violation of his due-
process rights, and his trial counsel was ineffective. 

Guilty Plea 

 Appellant, in point of error one, argues that his guilty plea for aggravated
sexual assault (trial court cause number 860090; appellate cause number 01-01-00987-CR) was involuntary because the trial court failed to admonish him regarding
the statutory requirement to register as a sex offender. See Tex. Crim. Proc. Code
Ann. art. 26.13(a)(5) (Vernon Supp. 2002). Article 26.13 permits the trial court to
admonish the defendant either orally or in writing. Moussazadeh v. State, 962
S.W.2d 261, 263 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). 

 The record shows that the trial court did not include appellant's requirement
to register as a sex offender among its written admonishments. It also shows that
appellant waived his right to have a court reporter and his right to have the trial court
admonish him orally at the plea hearing. Because there is no reporter's record of the
plea proceedings, it is impossible to tell from the record whether the trial court orally
admonished appellant of his duty to register as a sex offender.

 Appellate courts apply a presumption of regularity of proceedings and presume
recitals in court documents are correct unless the record affirmatively shows
otherwise. See Garza v. State, 896 S.W.2d 192, 197 (Tex. Crim. App. 1995);
Breazeale v. State, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984). Here, the 
judgment rendered for aggravated sexual assault sets forth in standard boiler-plate
language that the "[D]efendant was admonished by the Court as required by law." 
A defendant who waives his right to have a court reporter record the proceedings, and
thereafter challenges on appeal the voluntariness of his plea, nevertheless retains the
burden to ensure that a sufficient record is presented on appeal to establish error. 
Lopez v. State, 25 S.W.3d 926, 928-29 (Tex. App.--Houston [1st Dist.] 2000, no
pet.). Accordingly, because no reporter's record exists for the plea hearing, we must
presume that the trial court properly admonished appellant in full compliance with
article 26.13 and that appellant's plea was entered knowingly and voluntarily. 

 Even if the trial court failed to mention the registration requirement, the failure
to admonish a defendant is not automatic reversible error and is subject to harm
analysis. Aguirre-Mata v. State, 992 S.W.2d 495, 498-99 (Tex. Crim. App. 1999);
see also Torres v. State, 59 S.W.3d 365, 367 (Tex. App.--Houston [1st Dist.] 2001,
no pet.). The Court of Criminal Appeals has held that the admonishments under Code
of Criminal Procedure article 26.13(a) are not constitutionally required because their
purpose and function are to assist the trial court in making the determination that a
guilty plea is knowingly and voluntarily entered. Aguirre-Mata, 992 S.W.2d at 498-99. Therefore, the trial court commits nonconstitutional error when it fails to
admonish a defendant on one of the statutorily required admonishments. Id. 
Nonconstitutional error is to be disregarded, unless it affects a substantial right of the
appellant. Tex. R. App. P. 44.2(b). In this context, a substantial right is affected if
the defendant was unaware of the consequences of his plea and was misled or harmed
by the admonishment of the trial court. Carranza v. State, 980 S.W.2d 653, 658 (Tex.
Crim. App. 1998). 

 We also note that, a guilty plea is voluntary if the defendant is advised of all
direct consequences of the plea. Brady v. United States, 397 U.S. 742, 755, 90 S. Ct.
1463, 1472 (1970). The requirement to register as a sex offender is not a direct
consequence of a plea of guilty to the offense of sexual assault. Ruffin v. State, 3
S.W.3d 140, 143 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). It follows then
that the registration requirement is a collateral consequence. A guilty plea will not
be rendered involuntary by the lack of knowledge as to some collateral consequence. 
State v. Jimenez, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). 

 We assess the harm to appellant, if any, after reviewing the record. Schutz v.
State, 63 S.W.3d 442, 444 (Tex. Crim. App. 2001). After reviewing the record, we
conclude that, even if the trial court failed to mention the registration requirement,
appellant's substantial rights were not affected. Appellant confessed that he
committed the offense of aggravated sexual assault. There is no evidence in the
record that, but for the registration requirement, appellant would have entered a
different plea. See Alvarez v. State, 63 S.W.3d 578, 583 (Tex. App.--Fort Worth
2001, no pet.); Ducker v. State, 45 S.W.3d 791, 793-96 (Tex. App.--Dallas 2001, no
pet.). Ducker and Alvarez require the conclusion that a trial court's failure to
admonish a defendant of the sex-offender-registration requirement does not render
a guilty plea involuntary. 

 Appellant contends, in the alternative, the sex-offender-registration
requirement is "clearly punitive" in nature. Appellant cites no authority, and we are
aware of none, to support his legal conclusion. Instead, we note that the requirement
to register as a sex offender is meant to be remedial rather than punitive because it
does not impact a defendant's sentence. Ducker, 45 S.W.3d at 796 (citing Ruffin, 3
S.W.3d at 144. 

 We conclude appellant's plea was voluntary and thus, overrule point of error
one.

Voluntarily Released in a Safe Place

 Appellant argues, in point of error two that, his aggravated kidnapping
conviction (trial court cause number 866459; appellate cause number 01-01-00990-CR) should be reversed for a new trial (2) because the trial court erred in failing to find
that appellant voluntarily released his victim in a safe place. (3) Appellant relies on
Penal Code Section 20.04(d), which provides:

 At the punishment stage of [an aggravated kidnapping]
trial, the defendant may raise the issue as to whether he
voluntarily released the victim in a safe place. If the
defendant proves the issue in the affirmative by a
preponderance of the evidence, the offense is a felony in
the second degree. 


 Tex. Penal Code Ann. § 20.04 (d) (Vernon Supp. 2002). 

 Appellant has waived this issue on appeal because he failed to raise the
argument, at the punishment stage, that the victim was voluntarily released in a safe
place. Tex. R. App. P. 33.1(a). If appellant had timely raised the issue of voluntary
release, he would then bear the burden of persuasion (at the punishment stage) to
prove the issue by a preponderance of the evidence. Teer v. State, 923 S.W.2d 11, 16
n.4 (Tex. Crim. App. 1996); (4) see also Tex. Penal Code § 2.04(d) (Vernon Supp.
2002). 

 We overrule point of error two. 

Cruel and Unusual Punishment and Violation of Due-Process Rights

 Appellant argues, in points of error three and four that, the trial court erred
because appellant's sentencing constituted cruel and unusual punishment and violated
his due-process rights. (5) U.S. Const. amend. VIII, XIV, § 1. However, appellant does
not designate in his brief, and we cannot find in the record, where he lodged his
corresponding objection in the trial court. Without such objection, any error in this
regard has been waived. Tex. R. App. P. 33.1; Rhoades v. State, 934 S.W.2d 113,
120 (Tex. Crim. App. 1996). 

 We overrule points of error three and four. 

Ineffective Assistance of Counsel

 Appellant, in point of error five, argues that he was denied effective assistance
of counsel at the punishment hearing because his trial counsel did "absolutely nothing
at all to obtain a lower sentence for appellant." See U.S. Const. amend. VI. 
Appellant specifically asserts that his trial counsel offered no testimony, called no
witnesses, and failed to make a closing argument. 

 To reverse a conviction based on ineffective assistance of counsel, we must
conclude: (1) counsel's representation fell below an objective standard of
reasonableness and (2) there is reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064-65, 2068
(1984). The Strickland standard applies to ineffectiveness claims regarding trial
counsel's performance at both the guilt-innocence and the punishment stages of trial. 
Hernandez v. State, 988 S.W.2d 770, 772-774 (Tex. Crim. App. 1999). 

 A court must indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689,
104 S. Ct. at 2065. Appellant bears the burden of proving by a preponderance of the
evidence that counsel was ineffective. Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999) (citing Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984)). Any allegation of ineffectiveness must be firmly founded in the record, and
the record must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9
S.W.3d at 813; McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
Failure to make the required showing of either deficient performance or sufficient
prejudice defeats the ineffectiveness claim. Strickland, 466 U.S. at 700, 104 S. Ct.
at 2071. 

 The record provides no explanation for the motivation behind the trial
counsel's decisions. We refuse to speculate. Thus, appellant has failed to meet his
burden to show ineffective assistance of counsel. See Mallett v. State, 65 S.W.3d 59,
68 (Tex. Crim. App. 2001). Appellant failed to satisfy the first prong of the
Strickland test, so we do not reach the second. 

 We overrule point of error five. 

 Although appellant timely filed a notice of appeal regarding the revocation of
his community supervision for burglary (trial court cause number 833726; appellate
cause number 01-01-00986-CR), he has asserted no error in his brief related to the
appeal of his community supervision revocation. We have reviewed the record in
trial court cause number 833726 (appellate cause number 01-01-00986-CR) for
fundamental error and find none. See Ashcroft v. State, 802 S.W.2d 905, 906 (Tex.
App.--Fort Worth 1991, no pet.); Meza v. State, 742 S.W.2d 708, 709 (Tex.
App.--Corpus Christi 1987, no pet.). 

Conclusion

 We affirm the trial court's judgments.




Sherry J. Radack

Justice

Panel consists of Justices Nuchia, Radack, and Price. (6) 

Do not publish. Tex. R. App. P. 47.4. 
1. On January 18, 2000, appellant pleaded guilty to the offense of burglary (trial
court cause number 833726; appellate cause number 01-01-00986-CR) of a
building based on an agreed recommendation by the State. The trial court then
found appellant guilty and imposed punishment at 2-years imprisonment,
probated for 4 years, and a $300 fine (the agreed recommendation).
2. By requesting a new trial, we conclude appellant is making a factual
sufficiency challenge. Clewis v. State, 922 S.W.2d 126, 133-34 (Tex. Crim.
App. 1996) (affirmative finding of legal sufficiency challenge results in
rendition of judgment of acquittal, while finding of factual insufficiency results
in remand for new trial). 
3. A finding, by the trial court, that appellant voluntarily released the victim in a
safe place reduces the punishment range from first-degree to second-degree
felony status. 
4. In 1994, the Legislature designated the issue of "voluntary release" as an
affirmative defense, placing the burden of persuasion (at the punishment stage)
on the defendant. 
5. Appellant, in points of error three and four, addressed error in trial court cause
numbers 860090, 863886, 866458 and 866459; appellate cause numbers 01-01-00987-CR, 01-01-00988-CR, 01-01-00989-CR, 01-01-00990-CR. 
6. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.