NUMBER 13-02-057-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 

GILBERT CANTERA Appellant,



v.




THE STATE OF TEXAS, Appellee.

 


On appeal from the 28th District Court of Nueces County, Texas


 

O P I N I O N


 Before Chief Justices Valdez, Rodriguez, and Baird (1)

Opinion by Justice Baird


 Appellant was charged by indictment with the offense of burglary of a habitation. The indictment also alleged a prior
conviction for the purpose of enhancing the range of punishment to that of a first degree felony. Appellant pled nolo contendre
and true to these allegations. (2) The trial judge assessed punishment at twenty years confinement in the Texas Department of
Criminal Justice-Institutional Division. The sole point of error contends trial counsel was ineffective in counseling appellant to
plead to the indictment's allegations. We affirm.

I. Effective Assistance of Counsel.

 The Sixth and Fourteenth Amendments to the United States Constitution guarantee the effective assistance of counsel. 
Strickland v. Washington, 466 U.S. 668, 686 (1984). This guarantee applies at the time a defendant enters a plea to the
charging instrument. Ruffin v. State, 3 S.W.3d 140, 143 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). When a defendant
enters a plea of guilty or nolo contendere upon the advice of counsel which was not effective, the plea is involuntary. Id. When
a defendant enters a plea of guilty upon the advice of counsel and subsequently challenges the voluntariness of that plea based
on ineffective assistance of counsel, the voluntariness of the plea depends on (1) whether counsel's advice was within the range
of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for
counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Id. The defendant
bears the burden of proving an ineffective assistance of counsel claim by a preponderance of the evidence. Id.

 In the instant case, appellant contends his plea was involuntary because had the case gone to trial, the State would not have had
sufficient evidence: (a) to corroborate the testimony of the accomplice; and, (b) to establish that the structure burglarized was a
habitation at the time of the offense. Appellant argues that had counsel advised him of these deficiencies in the State's case, he
would have insisted on going to trial. These arguments were developed at the motion for new trial hearing.

II. Corroboration of Accomplice.

 Our law provides that a conviction cannot be based on the testimony of an accomplice unless it is corroborated by other
evidence tending to connect the defendant with the alleged offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). 
The corroboration is not sufficient if it merely shows the commission of the offense. Id. In order to determine whether the
accomplice witness testimony is corroborated, we must eliminate all accomplice evidence and determine whether the evidence
of the other witnesses tends to connect appellant with the commission of the offense. McDuff v. State, 939 S.W.2d 607, 612
(Tex. Crim. App. 1997);Thompson v. State, 54 S.W.3d 88, 93 (Tex. App.-Tyler 2001, no pet.). The non-accomplice
testimony need not be sufficient by itself to establish appellant's guilt beyond a reasonable doubt, nor directly link appellant to
the commission of the offense. McDuff, 939 S.W.2d at 612;Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App.
1997).

 At the time of appellant's plea, the State introduced appellant's judicial confession and stipulation. The confession recites:
"[O]n May 12, 2001, In Nueces County, Texas, I, did then and there with the intent to commit theft, enter a habitation owned
by James Rose without James Rose's effective consent." Additionally, the State introduced the affidavit of Corpus Christi
police officer, Sgt. A. Shedd, which stated appellant's co-defendant, Albert Enriquez, was apprehended in the complainant's
garage. Enriquez admitted to Shedd that he and appellant went to the habitation in a borrowed Chevrolet Blazer "to see what
they could steal." (3) Jorge Villela, the owner of the Blazer, told Shedd that he loaned the vehicle to appellant "a couple of hours
before the burglary." (4) Appellant admitted at the motion for new trial hearing that he was, in fact, in possession of the Blazer. 
We hold this evidence is sufficient to corroborate the testimony of Enriquez because it "tends to connect" appellant to the
charged offense. Accordingly, we hold trial counsel was not ineffective for advising appellant to pleadnolo contendere.

III. Habitation.

 A habitation is defined under section 30.01 as "a structure or vehicle that is adapted for the overnight accommodation of
persons. . . ." Tex. Pen. Code Ann. § 30.01(1) (Vernon 1994). The Texas Court of Criminal Appeals has held that a habitation
is a structure capable of use or made suitable for occupation. Jones v. State, 532 S.W.2d 596, 598 (Tex. Crim. App. 1976). 
In the instant case, there is no question that the structure burglarized was at one time a habitation. However, the structure was
apparently being remodeled. There is no testimony from any source that the structure was not capable or suitable for
occupation on the date alleged in the indictment. There is very brief testimony by the complainant at the punishment hearing
dealing with the extent of the renovation: "I bought the house and it underwent extensive remodeling. Everything but the studs
were changed." However, the record does not provide any evidence of when the renovations began, whether the structure was
being renovated at the time of the burglary, or if, it was being renovated, the extent of those renovations.

 Several factors may be considered to determine whether the structure was a habitation at the time of the alleged offense;
whether the structure "contained bedding, furniture, utilities, or other belongings common to a residential structure;" and
whether the structure was of such character that it was likely intended to accommodate persons overnight. Blankenship, 780
S.W.2d at 290. These factors were not developed at the motion for new trial hearing. Under questioning on direct
examination, appellant's testimony may be read to establish the structure was vacant. (5) However, the fact that a structure was
vacant does not prove the structure was not a habitation. In re E.P., 963 S.W.2d 191, 193 (Tex. App.-Austin 1998, no pet.). 
As noted in part II, supra, appellant's judicial confession states the structure was a habitation. Accordingly, we hold appellant
has not proven by a preponderance of the evidence that the structure alleged in the indictment was not a habitation.

IV. Conclusion.

 Appellant has failed to prove by a preponderance of the evidence that counsel's advice was not within the range of competence
demanded of attorneys in criminal cases. Ruffin, 3 S.W.3d at 143. Therefore, we hold appellant has not established the first
prong of the dual inquiry related to ineffective assistance of counsel claims in cases where the defendant pleads guilty or nolo
contendre. Accordingly, appellant's sole point of error is overruled.

 The judgment of the trial court is affirmed.



 

CHARLES F. BAIRD

Justice







Do Not Publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed this

the 15th day of May, 2003.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court
of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. In exchange for this plea, a burglary of a building case against appellant was dismissed. III, 16 

3. The record contains two statements from Enriquez.

4. The record contains a statement from Villela.

5. Specifically, appellant testified as follows:



 Q. Okay. Remember we talked about the fact that [the complainant] apparently didn't live there because it was being remodeled?



 A. Yeah.



Additionally, the complainant stated to Sgt. Shedd that he was not staying in the structure on the date of the alleged offense.