NOS. 07-06-0018-CR
07-06-0019-CR
07-06-0020-CR
07-06-0021-CR
07-06-0022-CR
07-06-0023-CR
07-06-0024-CR
07-06-0025-CR
07-06-0026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 30, 2006
_____

CARLOS J. TIJERINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NOS. 2005-408493, 2005-408513, 2005-408597, 2005-408971, 2005-408972,

2005-409072, 2005-409074, 2005-409564, 2005-409565;

HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In a consolidated appeal, Carlos Tijerina, appellant, appeals his convictions for nine

felonies. Appellant entered a plea of guilty, without a plea bargain, in each case. Two of

the convictions were for third degree felonies, enhanced by two previous felony convictions to a punishment range of from 25 years to 99 years or life, and appellant was sentenced to 60 years confinement in the Institutional Division of the Texas Department of Criminal Justice on each case. The other seven cases were state jail felonies also enhanced by two prior felony convictions to a second degree punishment range. On each state jail felony, appellant was sentenced to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice. All sentences were to be served concurrently.

By three issues appellant contends that the trial court committed error in 1) allowing the sentences in the seven state jail felonies to be enhanced without any proper enhancement pleadings; 2) by failing to properly admonish appellant before accepting his pleas of guilty; and 3) by refusing to enter an acquittal pursuant to article 1.15 of the Texas Code of Criminal Procedure, for the offense of felony use or possession of identifying information, because the evidence was legally insufficient to sustain a finding of guilt.

We will affirm the judgment of the trial court.

Factual and Procedural Background

Appellant was arrested for multiple felonies in Lubbock County which culminated in a plea of guilty to nine felonies without benefit of a plea agreement. Prior to appellant's pleas of guilty, on September 1, 2005, the trial court held a pre-trial hearing on non-evidentiary matters. At that hearing, the State filed notices of intent to enhance the two third degree felonies alleging that, prior to committing those offenses, appellant had been

2

convicted of two prior felony offenses, thereby enhancing the punishment range to 25 years to 99 years or life. The notice of enhancements were filed in the two cases alleging possession of cocaine of less than four grams but over one gram. (These are appellate cause nos. 07-06-0024-CR and 07-06-0020-CR.) Subsequently, appellant decided to forego trial and entered the guilty pleas referenced above. The guilty pleas were entered on November 2, 2005. At the time of the guilty pleas, appellant was admonished verbally and in writing as to the applicable range of punishment for all nine cases as enhanced. In each of the nine felonies appellant plead guilty to the primary offense and true to the enhancement allegations. After receiving the pleas of guilty, the trial court adjourned the proceedings and set the punishment hearing for a later date. On December 28, 2005, the trial court conducted the punishment hearing and assessed the punishment from which appellant now appeals.

State Jail Felonies

Appellant's first contention, concerning the state jail felonies, is that the trial court allowed the State to orally file enhancements for purposes of punishment on the day of the plea of guilty and thereby harming appellant by increasing the punishment that appellant was facing. In each of these cases, the trial court sentenced appellant to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant has couched his arguments in terms of a violation of appellant's due process rights as a result of inadequate notice provided by the State of its intention to seek an enhanced punishment.

However, before we can consider the merits of appellant's argument, we must first determine if appellant's complaint is properly before us. In order to complain on appeal about the action of the trial court, appellant must properly preserve the issue for appeal. TEX. R. APP. P. 33.1(a). This is true even when appellant couches his arguments in terms of a constitutional argument. Ex Parte Alakayi, 102 S.W.3d 426, 434-35 (Tex.App–Houston [14th Dist.] 2003, pet ref'd) (citing Saldano v. State, 70 S.W.3d 873, 887 (Tex.Crim.App. 2002)).

A complete review of this record reveals that at no time did appellant ever complain about the lack of notice of the State's intent to use his prior convictions for enhancement purposes on the seven state jail felonies. He neither objected to the use nor did he request any continuance alleging surprise. Further, appellant filed a motion for new trial and could have preserved the error by raising the issue in said motion. However, he failed to do so. Objections or motions promote the prevention of and/or correction of errors and thereby promote overall efficiency in the administration of justice. See Saldano, 70 S.W.3d at 887. Appellant has waived his complaint and presents nothing for our review.

Admonishments Prior to Pleas

Appellant next complains about the lack of proper admonishments prior to entering his pleas of guilty. A review of appellant's complaint reveals that his allegations of improper admonishment are aimed at the oral admonishments given by the trial court. Appellant points to several errors made by the trial court and an alleged total failure to admonish the appellant as to one of the pleas. However, appellant's contentions overlooks

4

one important factor. Along with the oral admonishments, appellant executed written admonishments in all nine cases. Appellant makes no complaint about these admonishments being incomplete, inaccurate or wholly lacking. Appellant and his counsel signed all of the written admonishments and thereby acknowledged that they read and understood the consequences of the pleas of guilty being entered into. Further, the written admonishments stated that appellant waived the requirements of any oral admonishments. After reviewing the written admonishments, we have determined that they meet the requirements of article 26.13 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp 2005), see Ruffin v. State, 3 S.W.3d 140, 144-45 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd). Once it has been established that the trial court complied with the statutory mandate on admonishments, the burden shifts to the appellant to affirmatively show that he was not aware of the consequences of his plea. Id. Having reviewed the entire record, we do not find any indications that appellant lacked knowledge of the consequences of his plea. See Burnett v. State, 88 S.W.3d 633, 638 (Tex.Crim.App. 2002) (reviewing court must review entire record to determine if anything suggests that appellant did not know the consequences of his plea). Accordingly, there is no error in the admonishments of appellant shown in the record. Appellant's issue is overruled.

## Article 1.15 Texas Code of Criminal Procedure

Appellant's final complaint is that the trial court committed error when it did not enter an order of acquittal because the evidence was insufficient on the issue of *mens rea* under article 1.15 of the Texas Code of Criminal Procedure. Article 1.15 provides:

5

> . . . it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such cases consents. . . .

TEX. CODE CRIM. PROC. Ann. art. 1.15 (Vernon 2005). Appellant was charged by indictment with the offense of Fraudulent Use or Possession of Identifying Information. TEX. PEN. CODE ANN. § 32.51 (Vernon 2005). At the time of his arrest for the instant offense, appellant was in possession of the identification for one "Daniel Vidales." Appellant contends that, although he confessed to using certain counterfeit checks in the name of "Daniel Vidales," the state failed to produce the alleged victim at trial or otherwise prove that "Daniel Vidales" failed to consent to the use of identification or that he was even a real person. According to appellant's theory, this failure of evidence leads to the conclusion that the evidence was insufficient and, accordingly, to the requirement that the trial court enter an order of acquittal.

At the time of appellant's plea, he not only entered a plea of guilty to the offense, but he also signed a written judicial confession. The judicial confession signed by appellant provides in part, "I understand the foregoing allegations and I confess that they are true . . . ." This court has had the opportunity to address allegations similar to appellant's before. In an unpublished opinion, we have held that a written confession admitting the veracity of the allegations is sufficient to establish guilt. Overton v. State, 2006 Tex. App. LEXIS 397 (Tex.App.–Amarillo Jan. 18, 2006, no pet.) (not designated for publication) (relying on Dinnery v. State, 592 S.W.2d 343, 353 (Tex.Crim.App. [Panel Op.]

6

1980) (op. on reh'g)). We see no reason to alter our position and, accordingly, overrule appellant's contention.

## Conclusion

Having overruled appellant's issues, the judgments of the trial court are all affirmed.

Mackey K. Hancock
Justice

Do not publish.