In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00105-CV


______________________________




CARLOS A. ARMENTA, Appellant



V.



TDCJ-CID, ET AL., Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 08C1166-202




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Carlos A. Armenta appeals from the dismissal of his lawsuit against the Texas Department
of Criminal Justice-Criminal Institutions Division (TDCJ-CID), et al. He contends the trial court
erred by dismissing his lawsuit because he had properly asked for a stay of the lawsuit pursuant to
Section 14.005(c) of the Texas Civil Practice and Remedies Code. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.005(c) (Vernon 2002). That section provides:

 If a claim is filed before the grievance system procedure is complete, the court shall
stay the proceeding with respect to the claim for a period not to exceed 180 days to
permit completion of the grievance system procedure.


The trial court dismissed the lawsuit without prejudice because Armenta had provided no
information from which the court could determine whether Armenta had exhausted his remedies
through the grievance system. Section 14.005(a) of the Texas Civil Practice and Remedies Code
provides that an inmate must file an affidavit or unsworn declaration stating the date the grievance
was filed and the date the written decision was received, along with a copy of the written decision. 
See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a) (Vernon 2002).

 In this case, Armenta did not provide a copy of the initial grievance (which he claims was
denied), and states that he filed an appeal from the ruling on the grievance, but did not file a copy
of the document as support. 

 In his pleading, Armenta stated that he filed a grievance on May 5-7, 2008, and step two on
June 8, 2008, and that all were denied. He does not state when they were denied, but did ask the trial
court to stay the action for up to180 days so that the grievance system procedure could be completed. 
Armenta filed his petition on July 30, 2008.

 Armenta argues on appeal that the trial court abused its discretion by dismissing his lawsuit
without applying the mandatory language of Section 14.005(c) of the Texas Civil Practice and
Remedies Code. However, on its face, Armenta did not state when he received the written decision
on the grievance. Armenta complains that he has not yet received the decision, and suggests that the
State intentionally delayed receipt. However, the time limitation in Section 14.005 of the Texas
Civil Practice and Remedies Code does not commence based on the date of the signing of the written
decision--but on the date that the written decision is received by the inmate. A court shall dismiss
a claim if "the inmate fails to file the claim before the 31st day after the date the inmate receives the
written decision from the grievance system." See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b)
(Vernon 2002).

 Review of a dismissal in inmate litigation under Chapter 14 is conducted through an abuse
of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App--Waco 1996, no pet.). 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Id. (citing Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939)).

 The trial court did not abuse its discretion in dismissing Armenta's suit for failure to file his
suit within thirty-one days of receiving the written response to his grievance to comply with Section
14.005(b) of the Texas Civil Practice and Remedies Code. See Moreland v. Johnson, 95 S.W.3d
392, 395 (Tex. App.--Houston [1st Dist.] 2002, no pet.). A suit that is not timely filed is barred,
and  may  be  dismissed.  Id.;  Loyd  v.  Seidel,  No.  08-06-00114-CV,  2008  WL  821079  (Tex.
App.--El Paso Mar. 27, 2008, no pet. h.) (mem. op., not designated for publication).

 In this case, Armenta alleged that his claims had been denied, but did not state when he had
received the written decision. Accordingly, under his own pleadings, he stated that the procedure
was complete, but did not provide the information necessary for the court to determine whether it
had jurisdiction over the case. Because he stated that his grievance had been denied, subsection (c)
does not apply, as it covers only situations where the claim is filed before the grievance procedure
is complete. 

 Where an inmate plaintiff did not provide proof that he or she had received a written decision
from the highest grievance system authority for his or her grievances, nor provide a copy of any
written decision from the grievance system, that plaintiff did not comply with Section 14.005 of the
Texas Civil Practice and Remedies Code. Since Armenta failed to meet those filing requirements,
the court did not abuse its discretion by dismissing his claim. See Lewis v. Stephens, 957 S.W.2d
879, 880 (Tex. App.--Corpus Christi 1997, no writ).

 Armenta has not shown that the trial court abused its discretion by dismissing his lawsuit
without prejudice.

 


 We affirm the judgment.


 Jack Carter

 Justice


Date Submitted: October 29, 2008

Date Decided: October 30, 2008






ure to admonish the
defendant on the deportation consequences of his plea, because as a United States citizen
the defendant was not subject to deportation, and thus, the admonishment would not have
affected the voluntariness of the plea. Durst, 900 S.W.2d at 139-40; Dixon, 891 S.W.2d
at 784; Dominguez, 889 S.W.2d at 16.

 In 1997, the Texas Court of Criminal Appeals rejected the "substantial compliance
through immateriality" analysis and held that a failure to admonish under Article 26.13(a)(4)
is subject to a harmless error analysis. Cain, 947 S.W.2d at 264. The following year, the 
Texas Court of Criminal Appeals spelled out and applied the harmless error analysis for
cases where the trial court fails to admonish a defendant under Article 26.13. Carranza
v. State, 980 S.W.2d 653 (Tex. Crim. App. 1998). Under Carranza, the trial court does not
substantially comply with Article 26.13(a) when it fails to admonish a defendant on one of
the statutorily required admonishments. Id. at 655-56 (holding trial court did not
substantially comply with Article 26.13(a)(4) when it failed to admonish defendant, either
orally or in writing, regarding deportation consequences of plea). The court further held
this error was nonconstitutional error, subject to a Rule 44.2(b) harmless error analysis. 
Id. at 656. The court struggled with defining an appropriate standard of review due to the
"substantial compliance" language implicit in Article 26.13(c). Id. at 657-58. But the court
determined that under Tex. R. App. P. 44.2(b), when there has been no substantial
compliance with the admonishment requirements of Article 26.13, a defendant is required
to show no more than his unawareness of the consequences of his plea and that he was
misled or harmed by the admonishment of the court. Id. at 658.

 But courts still consider whether those consequences are direct or collateral in
determining if the voluntariness of the plea was undermined by the failure to admonish. 
For example, the Texas Court of Criminal Appeals has considered whether the defendant
was made fully aware of the direct consequences of a guilty plea when determining the
voluntariness of the plea. State v. Jimenez, 987 S.W.2d 886, 888-89 (Tex. Crim. App.
1999) (applying Carranza to misdemeanor case and holding admonishment on deportation
consequences of guilty plea not constitutionally required). Generally, a guilty plea is
considered voluntary if the defendant was made fully aware of the direct consequences of
the plea. Id. at 888 (citing Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25
L.Ed.2d 747 (1970)). A guilty plea will not be rendered involuntary by lack of knowledge
of some collateral consequence. Id. The deportation consequence of a guilty plea is
generally considered a collateral consequence. Id. at 888-89. Similarly, before Article
26.13(a) was amended to include an admonishment on sex offender registration, Texas
courts held that sex offender registration was only a collateral consequence of a plea of
guilty. Ruffin v. State, 3 S.W.3d 140, 144 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd)
(holding requirements to register as sex offender have no impact on range of punishment
and, therefore, not a direct consequence of plea of guilty to offense of sexual assault);
Guzman v. State, 993 S.W.2d 232, 236 (Tex. App.-San Antonio 1999, pet. ref'd), cert.
denied, 528 U.S. 1161, 120 S.Ct. 1174, 145 L.Ed.2d 1082 (2000) (holding failure to
admonish defendant on his statutory duty to register as sex offender did not invalidate
guilty plea); In re B.G.M., 929 S.W.2d 604, 606-07 (Tex. App.-Texarkana 1996, no writ)
(holding possibility of required sex offender registration not mandatory admonishment in
juvenile proceeding because registration requirements are remedial and collateral
consequence of plea). Although courts are now required to admonish defendants
regarding registration requirements, the registration does not impact a defendant's
sentence and is meant to be remedial, rather than punitive. Ducker v. State, 45 S.W.3d
791, 795 (Tex. App.-Dallas 2001, no pet.); Ruffin, 3 S.W.3d at 144; B.G.M., 929 S.W.2d
at 606-07.

 Applying Carranza and the concept of direct versus collateral consequence to the
facts of this case, we hold that the trial court's failure to ascertain whether Thompson's
counsel advised him of the registration requirements constitutes harmless error. The trial
court erred by failing to ascertain whether Thompson's counsel advised him of the
registration requirements. But Thompson has failed to show that he was unaware of the
consequences of his plea or that he was misled or harmed by the trial court's failure to
admonish him pursuant to subsection (h).

 The 1999 amendments to Article 26.13 help ensure the defendant makes a
knowledgeable plea and understands the consequences of pleading guilty to a sexual
offense. Subsection (a)(5) requires the trial judge to admonish the defendant of "the fact
that the defendant will be required to meet the registration requirements of Chapter 62,
if the defendant is convicted of or placed on deferred adjudication for an offense for which
a person is subject to registration under that chapter." Article 26.13(h) requires that
"[b]efore accepting a plea of guilty or nolo contendere from a defendant described by
Subsection (a)(5), the court shall ascertain whether the attorney representing the
defendant has advised the defendant regarding registration requirements under Chapter
62." Both of these amendments are aimed at making sure the defendant makes a
knowledgeable plea and understands the registration consequences of that plea. 
Admonishments under Article 26.13(a)(5) regarding registration are only collateral. Ducker,
45 S.W.3d at 795-96. There are no cases dealing with the failure to comply with Article
26.13(h), but there is no reason why the analyses of the cases applying to admonishments
pursuant to Article 26.13(a)(4) and (5) should not also apply to (h).

 The trial judge admonished Thompson as to the effect of his plea with regard to
registration under Chapter 62 as required under Article 26.13(a)(5), pointedly asking him
if he understood he would be required to meet any registration requirements of Chapter 62
of the Texas Code of Criminal Procedure as they relate to the registration of a sex
offender: "Do you understand that's part of this sentence?" To this Thompson answered,
"Yes, sir." The record is clear Thompson understood and knew he was subject to the
registration requirements. 

 The record further shows Thompson understood he would be found guilty and
sentenced accordingly if he pled guilty, and he fails to show he was unaware of the
consequences of his plea. There is no evidence he would not have pled guilty if the trial
court had ascertained whether his attorney had advised him about registration
requirements. The registration requirements did not affect the range of punishment. As
such, the sex offender registration requirements were collateral consequences of
Thompson's plea and did not affect the voluntariness of that plea. See Ruffin, 3 S.W.3d
at 144. The trial court's failure to comply with Article 26.13(h) of the Texas Code of
Criminal Procedure was harmless error.

 In his second point of error, Thompson contends the trial court erred in allowing
testimony concerning a remote extraneous offense. The State called fifteen-year-old K.D.
to testify regarding an alleged sexual assault against her by Thompson ten years earlier.

 To preserve an issue for appeal, a party must present a timely objection stating the
grounds for the ruling sought with sufficient specificity to make the trial court aware of the
complaint, unless the specific grounds were apparent from the context. Tex. R. App. P.
33.1(a)(1)(A). 

 The objection Thompson made at trial was:

 Your Honor, I object to this witness' testimony about this matter. At the time
the charges she's talking about were dismissed, she would have been five
years old at the time. For the record, I object to her testifying about matters
that far back in her recollection due to her young age at the time of the
alleged incident.


 Thompson's objection at trial was that K.D.'s age at the time of the alleged events,
and the ten intervening years, affect the reliability of her testimony. But Thompson's
second point on appeal is that "[t]he Trial Court erred in allowing testimony concerning a
remote extraneous offense." Thompson failed to object at trial that this was evidence of
an extraneous offense. Thompson objected that the events to which K.D. testified were
remote, not that the evidence was of an extraneous offense. A point of error on appeal
must correspond to the objection made at trial. Thomas v. State, 723 S.W.2d 696, 700
(Tex. Crim. App. 1986). Thompson failed to timely object and therefore has not preserved
the point raised in his brief.

 Even if the issue was preserved, the trial court properly admitted the testimony. 
Article 37.07, § 3(a) of the Texas Code of Criminal Procedure provides the following
concerning evidence after a finding of guilt: 

 [E]vidence may be offered by the state and the defendant as to any matter
the court deems relevant to sentencing, . . . notwithstanding Rules 404 and
405, Texas Rules of Criminal Evidence, any other evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to
have been committed by the defendant or for which he could be held
criminally responsible, regardless of whether he has previously been charged
with or finally convicted of the crime or act.


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2001). The events alleged
by K.D.'s testimony fit into Article 37.07, § 3(a) as extraneous crimes or bad acts. 
Thompson's argument is that the alleged events to which K.D. testified were too remote
in time and her age too young for the testimony to be credible. Article 37.07, § 3(a) places
no time limit on the testimony of extraneous crimes or bad acts. Tex. Code Crim. Proc.
Ann. art. 37.07, § 3(a). The Texas Court of Criminal Appeals has held that testimony
regarding prior character is admissible if it is not so remote as to have no probative value
in indicating present character. Nethery v. State, 692 S.W.2d 686, 706 (Tex. Crim. App.
1985); Robles v. State, 830 S.W.2d 779, 784 (Tex. App.-Houston [1st Dist.] 1992, pet.
ref'd). However, this was not the basis on which Thompson objected, and even if he had
so objected, the question of remoteness rests in the sole discretion of the trial court. 
Nethery, 692 S.W.2d at 706; Davis v. State, 545 S.W.2d 147, 150 (Tex. Crim. App. 1976). 
Further, objections based on remoteness go to the weight, not the admissibility, of the
testimony. Nethery, 692 S.W.2d at 706.

 K.D.'s testimony is relevant, as the alleged extraneous crimes or bad acts are similar
to those to which Thompson pled guilty, and they tend to show prior and continual behavior
of the same nature. The ten-year time span does not make it so remote as to have no
probative value on present character, since it deals with the same types of activity.

 Thompson argues that the events in the testimony are too remote for K.D. to
describe, stating, "Her testimony thus lacked the indicia of reliability requisite for
admissibility." This goes to the weight of the testimony. See id. The credibility of the
witness is the province of the trial court. The trial court is the exclusive trier of fact and
judge of the credibility of the witness and the weight to be given the testimony. Corbin v.
State, 33 S.W.3d 90, 95 (Tex. App.-Texarkana 2000, pet. granted); Burks v. State, 876
S.W.2d 877, 909 (Tex. Crim. App. 1994) (jury [fact finder] determines witness' credibility
of extraneous offense at punishment phase). "It is not the province of this Court to
evaluate the credibility of witnesses." Charleston v. State, 33 S.W.3d 96, 100 (Tex.
App.-Texarkana 2000, pet. ref'd). The trial court did not err in allowing K.D.'s testimony.

 We affirm the judgment of the trial court.



 Donald R. Ross

 Justice


Date Submitted: September 20, 2001

Date Decided: October 17, 2001


Publish

1. Chapter 62 of the Texas Code of Criminal Procedure deals with the sex offender
registration program. Tex. Code Crim. Proc. Ann. art. 62.01, et seq. (Vernon Supp. 2001).