**Brian Keith JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00141–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Dec. 3, 2001.

Decided Jan. 23, 2002.

Michael B. Lewis, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

Brian Keith Jackson pleaded guilty, without a plea bargaining agreement, to aggravated robbery. *See* TEX. PEN.CODE ANN. § 29.02 (Vernon 1994). A presentence investigation (PSI) report was prepared, and the trial court held a hearing on punishment, at which the victim of the robbery testified. At the conclusion of the hearing, the trial court sentenced Jackson to imprisonment for a term of fifty-five years. The trial court also made an affirmative finding that Jackson used a deadly weapon in the commission of the offense.

On appeal, Jackson contends that his fifty-five-year sentence is disproportionate to the offense. Jackson has failed to preserve this point on appeal. He raised no objection to the sentence on the ground of disproportionality or any other

ground. Jackson moved for a new trial, but the motion does not attack the sentence on any ground alleged in Jackson's brief on appeal, or on any other specific ground. In *Jackson v. State,* 989 S.W.2d 842 (Tex.App.-Texarkana 1999, no pet.), we held that a defendant is required to raise in the trial court an objection to his sentence on grounds similar to those raised here. If an objection is not made, the error is not preserved.

■ Even if properly preserved, Jackson's contentions are unavailing. As a general rule, as long as the punishment imposed by the trial court is within the limits prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *McNew v. State,* 608 S.W.2d 166, 174 (Tex.Crim.App.1978); *Latham v. State,* 20 S.W.3d 63, 68 (Tex. App.-Texarkana 2000, pet. ref'd); *Jackson v. State,* 989 S.W.2d at 846.

■ The offense of aggravated robbery is a first-degree felony. TEX. PEN.CODE ANN. § 29.03(b) (Vernon 1992). First-degree felonies are punishable by a term of life imprisonment, or any term of imprisonment of not more than ninety-nine or less than five years. TEX. PEN.CODE ANN. § 12.32(a) (Vernon 1994). As Jackson's sentence of fifty-five years' imprisonment falls within this range, his sentence does not constitute excessive, cruel, or unusual punishment.

We have, however, recognized that a prohibition against disproportionate punishment is recognized under the Eighth Amendment to the United States Constitution apart from whether the punishment falls within the limits imposed by the Legislature. U.S. CONST. amend. VIII; *Latham v. State,* 20 S.W.3d at 68–69; *Jack-son v. State,* 989 S.W.2d at 845. As we stated in *Latham v. State,*

> We initially make a threshold comparison of the gravity of the offense against the severity of the sentence, and then ask whether the sentence is grossly disproportionate to the offense. Only if we find such gross disproportionality do we then compare this sentence to the sentences imposed for similar crimes in this and other jurisdictions.

20 S.W.3d at 69.[1]

The offense in this case was the armed robbery of a liquor store in Kilgore. At the punishment hearing, the State produced the testimony of William Gordon, who was working at the store as a clerk at the time of the robbery. Gordon had been working at the store for about a year. Around 6:30 in the evening, two masked men with weapons entered the store and told Gordon to lie down on the floor. Fearing for his life, Gordon complied. One of the robbers tried unsuccessfully to handcuff Gordon behind his back. Gordon testified he could feel a weapon being pressed against the back of his head. After the robbery, a weapon that had been kept under the counter of the store was missing. A videotape of a part of the robbery was shown at the trial.

Detective Frank Baggett of the Kilgore police, who also investigated the robbery, testified he received a tip that led him to Jackson. He arrested Jackson on other outstanding warrants. Jackson, at his initial interview, denied that he participated in the robbery, but he provided the detective with two names, Tommy Cox and Eric George. Based on that information, Baggett obtained warrants on these two individuals. While Baggett was looking for these two men, Jackson escaped from custody. He turned himself in two weeks

---

1. *See Solem v. Helm,* 463 U.S. 277, 290–91, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Jack-son v. State,* 989 S.W.2d 842, 845 (Tex.App.-Texarkana 1999, no pet.).

later. Police located the weapons involved in the robbery: a Browning 9mm Hi–Power pistol that had been taken from the liquor store, a Winchester 12–gauge shotgun with a sawed-off barrel, and a Russian Baikal double barrel 12–gauge shotgun. The two shotguns had been stolen, $12,703.00 was taken in the robbery, and Jackson was found in possession of a large sum of money. Baggett testified that in a second statement Jackson admitted his participation in the armed robbery. A stipulation of evidence, in which Jackson admitted committing theft and placing Gordon in fear of imminent bodily injury and death, was signed by Jackson and introduced in evidence. The PSI report, although not included in the record, shows that Jackson had prior felony and misdemeanor convictions.

Considering these facts and the range of punishment available to the trial court, we conclude that Jackson's sentence is not disproportionate to the crime. We are not required, therefore, to compare the punishment imposed here with the punishments imposed for similar crimes in this and other jurisdictions. Further, we note that Jackson provided no evidence of sentences for similar crimes. *See Latham v. State*, 20 S.W.3d at 69.

■ Although not designated as a separate issue on appeal, Jackson argues in his brief that the appeal should be abated until the PSI report is made a part of the record in this case. In his initial designation of the record on appeal, Jackson requested that the PSI report be included in the record. The State argues that we should not abate this appeal because Jackson does not point out how he was harmed due to the actual PSI report not being included in the record. Reviewing the appellate rules, we note that the PSI report is not designated as part of the mandatory appellate record that the trial court is required to provide in every criminal appeal. Tex.R.App. P. 34.5(a)(2). Further, the rules provide that in the case of both the clerk's record and the reporter's record, if something relevant is omitted, the trial court, the appellate court, or any party may direct the clerk of court or the court reporter to prepare, certify, and file in the appellate court a supplement containing the omitted portion. Tex.R.App. P. 34.5(c)(1), 34.6(d). There is no question that we have the authority to order the record supplemented with the PSI report. *Ruffin v. State*, 3 S.W.3d 140, 145 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd). However, in this case, we decline to do so. We agree with the State that Jackson has failed to demonstrate that he was harmed by the absence of the report from the record. Both the State and Jackson referred to the report in oral argument, and there was no objection that any reference to the report was inaccurate. Jackson could have requested a supplement to the record. In *Ruffin*, the appellant contended the trial court erred in failing to order a PSI report, to which the state responded that there was such a report, but that it was not in the record because neither party introduced it into evidence. Further, the argument was made that the report did not contain the statutorily required alcohol and drug evaluation. It is clear that an actual copy of the report would be necessary for the appellate court to rule on those questions. Upon production of the report, the first point of error was resolved, and upon a reading of the report, the second was also resolved. *Ruffin v. State*, 3 S.W.3d at 145. In this case, the actual report is not necessary to a disposition of the appeal.

We find no reversible error. The judgment of the trial court is affirmed.