In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00166-CV


______________________________




BOB AND JEAN GLAZE, Appellants



V.



BEACON NATIONAL INSURANCE COMPANY, Appellee




 


On Appeal from the 115th Judicial District Court


Upshur County, Texas


Trial Court No. 62-95




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Bob and Jean Glaze filed a notice of appeal to this Court from a judgment signed July 3,
2002, in cause number 62-95 in the 115th Judicial District Court of Upshur County. Before they
filed their notice of appeal, the opposing party in the lawsuit filed a notice of appeal to the Twelfth
Court of Appeals in Tyler, a court with which we share jurisdiction over appeals from Upshur
County. 

 Because Beacon's notice of appeal was filed first, the Tyler Court of Appeals acquired
exclusive jurisdiction over the controversy. In accordance with Miles v. Ford Motor Co., 914
S.W.2d 135 (Tex. 1995), we abated this appeal pending disposition of the appeal by the Tyler Court
of Appeals. 

 The Tyler Court of Appeals has issued its opinion and disposed of a motion for rehearing on
that opinion. Accordingly, we now reinstate this appeal, and dismiss.

 We dismiss the appeal.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: July 1, 2003

Date Decided: July 2, 2003



permitting them to run concurrently, constitutes
disproportionate punishment for the offenses.

Jurisdiction of Appeal

 The first question is whether we may consider this appeal. The State points out Garrett
signed a document waiving her right to appeal and argues we should therefore hold Garrett to her
agreement. On the day of the initial sentencing, Garrett signed a document entitled "Waiver of
Motion for New Trial and Right of Appeal." In that document, Garrett states that she understands
she has the right to appeal, that she has consulted with her attorney, and that she waives her right to
appeal.

 The State argues that, because the record and judgment do not affirmatively show the trial
court gave permission for Garrett to appeal, we should enforce Garrett's waiver of the right to appeal.

 A defendant in a noncapital case may waive any right secured him by law. Blanco v. State,
18 S.W.3d 218, 219 (Tex. Crim. App. 2000) (citing Tex. Code Crim. Proc. Ann. art. 1.14(a)
(Vernon Supp. 2003)). In the absence of a plea agreement, however, a presentencing waiver of the
right to appeal is unenforceable. Ex parte Thomas, 545 S.W.2d 469 (Tex. Crim. App. 1977). In this
case, no plea agreement existed.

 Garrett signed the waiver of her right to appeal on May 16, 2002. Though the trial court
sentenced Garrett to ten years for each of the two charges on May 16, 2002, the sentencing hearing
was recessed until June 3, 2002, so the court could then determine whether the sentences would be
stacked or set to run concurrently. As a result, sentencing was not completed until June 3, 2002, well
after Garrett signed the waiver.

 This record does not show the waiver was taken in a fashion that justifies enforcement under
either the cases addressing post-sentencing waiver or the cases addressing waiver pursuant to a plea
agreement. Neither appears in this case. In the absence of a plea agreement and of anything in the
record showing the waiver was signed after sentencing, the waiver is unenforceable. Thomas, 545
S.W.2d 469.

 It also appears from the record that the trial court either consented to Garrett's appeal or
demonstrated knowledge the waiver of the right to appeal was unenforceable when, after announcing 
the stacking of the sentences, the court advised Garrett's attorney that Garrett could be instructed
regarding her right to appeal.

 For each of the above reasons, we determine we have jurisdiction to consider this appeal on
the merits.

Disproportionality

 Garrett contends the stacking of sentences caused her punishment to be disproportionate for
the offenses for which she was convicted. That contention was not brought to the attention of the
trial court. A defendant must, at the time the allegedly disproportionate sentence is imposed, object
in the trial court or lose the right to raise the objection on appeal. Rodriguez v. State, 71 S.W.3d 778,
779 (Tex. App.-Texarkana 2002, no pet.); Jackson v. State, 989 S.W.2d 842, 845 (Tex.
App.-Texarkana 1999, no pet.). We must conclude Garrett's contention was not preserved for
review. Tex. R. App. P. 33.1.

 Even if it had been properly preserved, Garrett's point is not valid. As a general rule, as long
as the punishment imposed by the trial court is within the limits prescribed by the Legislature in a
valid statute, the punishment is not excessive, cruel, or unusual. McNew v. State, 608 S.W.2d 166,
174 (Tex. Crim. App. 1978); Jackson v. State, 69 S.W.3d 657, 659 (Tex. App.-Texarkana 2002, no
pet.). Further, the act of cumulating or stacking sentences so they run consecutively has been held
not to constitute cruel and unusual punishment. Stevens v. State, 667 S.W.2d 534, 538 (Tex. Crim.
App. 1984); Baird v. State, 455 S.W.2d 259 (Tex. Crim. App. 1970); Quintana v. State, 777 S.W.2d
474 (Tex. App.-Corpus Christi 1989, pet. ref'd).

 The offense of theft between $1,500.00 and $20,000.00 is a state jail felony, but when a
public servant is the actor, the offense is increased to the next higher category. It is therefore treated
as a third-degree felony. Tex. Pen. Code Ann. § 31.03(f) (Vernon Supp. 2003). Third-degree
felonies are punishable by a term of imprisonment between two and ten years, and a fine not to
exceed $10,000.00. Tex. Pen. Code Ann. § 12.34 (Vernon 1994). As Garrett's sentence of ten
years' imprisonment falls within this range as set by the Legislature, her sentence does not constitute
excessive, cruel, or unusual punishment.

 Further, the decision of whether to impose concurrent rather than consecutive sentences is
a matter within the discretion of the trial court. Tex. Code Crim. Proc. Ann. art. 42.08(b) (Vernon 
Supp. 2003 ). Under Article 42.08, the trial court has the discretion to cumulate the sentences for
two or more convictions. Smith v. State, 575 S.W.2d 41 (Tex. Crim. App. 1979); Nicholas v. State,
56 S.W.3d 760, 764 (Tex. App.-Houston [14th Dist.] 2001, pet. ref'd). 

 The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action; rather, it is a question of whether the court
acted without reference to any guiding rules or principles of law, and the mere fact that a trial court
may decide a matter within its discretionary authority differently than an appellate court does not
demonstrate such an abuse. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); see
Allen v. State, 951 S.W.2d 925, 927 (Tex. App.-San Antonio 1997, pet. ref'd).

 We have recognized that a separate prohibition against disproportionate punishment is
recognized under the Eighth Amendment to the United States Constitution apart from whether the
punishment falls within the limits imposed by the Legislature. U.S. Const. amend. VIII; Jackson,
69 S.W.3d at 659; Latham v. State, 20 S.W.3d 63, 68-69 (Tex. App.-Texarkana 2000, pet. ref'd). 
As we stated in Latham,

 We initially make a threshold comparison of the gravity of the offense against the
severity of the sentence, and then ask whether the sentence is grossly disproportionate
to the offense. Only if we find such gross disproportionality do we then compare this
sentence to the sentences imposed for similar crimes in this and other jurisdictions.


20 S.W.3d at 69; see Solem v. Helm, 463 U.S. 277 (1983); Jackson, 989 S.W.2d at 845.

 We note that, for each of Garrett's crimes, the maximum sentence authorized by the
Legislature was imposed. Garrett does not contend the sentences are of themselves excessive, but
instead that, when stacked, they become disproportionate to her crimes.

 The Legislature has not required the trial court to assess concurrent sentences for two
separate offenses of this type, and Garrett directs this Court to no authority requiring that result. 
Stacking otherwise valid and proportionate sentences for separate crimes does not make them
disproportionate. Stevens, 667 S.W.2d at 538; Baird, 455 S.W.2d 259; Quintana, 777 S.W.2d 474.


 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: November 27, 2002

Date Decided: January 8, 2003


Do Not Publish