Affirmed and Memorandum Opinion filed February 18, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00082-CR


NO. 14-09-00083-CR

NO. 14-09-00084-CR

___________________

 

Jorge Humberto Franco, Appellant

 

V.

 

State of Texas, Appellee



 



 

On
Appeal from the 209th District Court

Harris County,
Texas



Trial Court Cause Nos. 1139981, 1139982, and 1139983

 



 

 

MEMORANDUM  OPINION

            Appellant Jorge Humberto Franco pleaded guilty to
sexual assault and two counts of indecency with a child and was sentenced to
ten years’ imprisonment for each offense with the sentences running
concurrently.  On appeal, he contends that his guilty plea and sentence were
the result of ineffective assistance of counsel.  We affirm.

I.  Factual
and Procedural Background

            Appellant
was charged with two counts of indecency with a child and one count of sexual
assault.  The complainant in each charge was the fourteen-year-old half-sister
of two of appellant’s children.  He was represented by attorneys Charles Portz
and Craig Pena, who has an “of counsel” arrangement with Portz’s firm.  On
September 25, 2008, appellant pleaded guilty to all of the charges without a
recommendation from the prosecutor as to the appropriate punishment.  Pena read
the written waivers and admonishments to appellant, who indicated his
understanding of the admonishments by initialing each one.  The admonishments for
each charge included warnings that (a) appellant could be sentenced to
imprisonment for not more than twenty or less than two years; (b) punishment
recommendations by the prosecuting attorney are not binding on the trial court;
and (c) as a non-citizen, a guilty plea could result in appellant’s deportation,
his exclusion from admission to this country, or his denial of naturalization
under federal law.

            At
the hearing following the trial court’s receipt of the presentence
investigation (“PSI”) report, the complainant and her mother testified for the State,
and appellant offered five witnesses, each of whom supported his request for
probation.  One of appellant’s sisters testified that appellant’s remaining
sister and his brother-in-law also would have been present at the hearing “but
for medical reasons.”  Appellant testified on his own behalf, stating, “I
definitely have been very worried about what might - - where it might end up or
whether I will or won’t get probation and how my family . . . will make it
through in the time that I might not be there . . . .”  The
trial court also considered a psychological evaluation prepared by an expert
retained by appellant.  

            After
the trial court sentenced appellant to ten years’ imprisonment for each of the
three offenses with the sentences to run concurrently, appellant moved for new
trial based on the allegedly ineffective assistance of his trial counsel. 
After an evidentiary hearing, the trial court denied the motion.

II.  Issue
Presented

            In
a single issue, appellant contends he received ineffective assistance of
counsel.

III.  Standard
of Review

We review general claims
of ineffective assistance of counsel under the standard set forth in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),
which applies to claims arising under the state or federal constitution.  Hernandez
v. State, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986) (en banc).  Under the
Strickland test, an appellant must prove not only that his trial
counsel’s representation was deficient, but also that the deficient performance
was so serious that it deprived the appellant of a fair trial.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064.  To satisfy both requirements, an appellant
must prove by a preponderance of the evidence that counsel’s representation
fell below the objective standard of prevailing professional norms, and there
is a reasonable probability that, but for counsel’s deficiency, the result of
the proceeding would have been different.  Id., 466 U.S. at 690–94, 104
S. Ct. 2066–68.  Our review of defense counsel’s performance is highly
deferential.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994) (en banc).

            Appellant
also contends his counsel had a conflict of interest.  Where the claim of
ineffective assistance is based on a conflict of interest, a different test applies. 
The defendant instead must show that (1) his counsel was burdened by an actual
conflict of interest, and (2) the conflict had an adverse impact on specific
instances of counsel’s performance.  Cuyler v. Sullivan, 446 U.S. 335,
349–50, 100 S. Ct. 1708, 1719, 64 L. Ed. 2d 333 (1980); Acosta v. State,
233 S.W.3d 349, 352–53 (Tex. Crim. App. 2007).  An actual conflict of interest exists
only if counsel is required to choose between either advancing his client’s
interest in a fair trial or advancing other interests to his client’s detriment.
 Acosta, 233 S.W.3d at 355; Williams v. State, 154 S.W.3d 800,
803 (Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).  The mere possibility of
a conflict of interest will not justify reversal.  Williams, 154 S.W.3d
at 804.

            Here,
appellant raised his claim of ineffective assistance of counsel in a motion for
new trial, and in reviewing the trial court’s denial of the motion, we apply
the abuse-of-discretion standard.  See Salazar v. State, 38 S.W.3d 141,
148 (Tex. Crim. App. 2001).  Using this standard, we ask whether the trial
court’s decision was clearly wrong and outside the zone of reasonable disagreement,
i.e., whether the trial court acted arbitrarily, unreasonably, or without
reference to guiding principles.  Alexander v. State, 282 S.W.3d 701,
706 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  We do not substitute
our judgment for that of the trial court.  Charles v. State, 146 S.W.3d
204, 208 (Tex. Crim. App. 2004).  Rather, we review the evidence in the light
most favorable to the trial court’s ruling and presume that all reasonable
findings that could have been made against the losing party were so made.  Id. 
At a hearing on a motion for new trial, the trial court is the sole judge of
the credibility of the witnesses and the weight to be given their testimony.  Melton
v. State, 987 S.W.2d 72, 75 (Tex. App.—Dallas 1998, no pet.).  Only if no
reasonable view of the record could support the trial court’s ruling do we
conclude that the trial court abused its discretion by denying the motion for
new trial.  Charles, 146 S.W.3d at 208.

IV.  Analysis

A.        Conflict
of Interest

            On
appeal, appellant first contends that his trial attorneys’ law firm also
represented appellant’s employer, Buy Our Homes.  He asserts that because he
was paid primarily through commissions, his employer “had a strong incentive to
see [a]ppellant incarcerated for a lengthy period of time so he could avoid
paying those commissions.”  According to appellant, his trial attorneys
committed various errors to please Paul Vasquez, the owner of Buy Our Homes,
because Vasquez “had the power to retain trial counsel for future corporate
representation.”

            This
argument lacks factual and legal support.  There is no evidence that
appellant’s trial counsel actively represented appellant’s employer during the relevant
time.  Portz testified that he represented Buy Our Homes during the three or
four years that he had known appellant—and had represented appellant in other
matters during that time as well—but there is no evidence that Portz or his
firm represented the company at the time of appellant’s plea or punishment
hearing.  There also is no evidence that Pena was affiliated with Portz’s law
firm at the time Portz himself represented Buy Our Homes, or that Pena represented
Buy Our Homes at any time.  

            In
addition, there is no evidence that the interests of appellant and his employer
conflicted.  To the contrary, Vasquez testified on appellant’s behalf in
seeking probation, explaining that appellant had worked for Buy Our Homes for
six years and was a good employee “who’s doing all of the purchasing and all of
the plans and pretty much he’s running the company.”[1]  Vasquez
additionally testified that the company would continue to employ appellant if
the trial court placed appellant on probation, and that a half-dozen projects
were already planned for the coming year.  There is no evidence of the basis on
which appellant was paid or that any compensation owed to him was unpaid.  Finally,
appellant offers no legal or factual support for the assertion that his
employer could avoid paying him if appellant were incarcerated or deported. 

            In
sum, there is no evidence that either of appellant’s trial attorneys actively
represented appellant and his employer at the same time, or that the interests
of appellant and his employer conflicted.  Inasmuch as appellant has not shown
that an actual conflict existed, we need not address the specific instances of
the attorneys’ conduct that appellant contends were influenced by the alleged
conflict.

B.        General
Ineffectiveness

            Aside
from the conduct that he attributes to a conflict of interest, appellant identifies
four alleged errors by his counsel that he contends constitute ineffective
assistance of counsel.  The arguments concerning two of the alleged errors were
waived, and the remaining errors were not prejudicial.

            First,
he asserts that his attorneys failed “to formulate a legally sufficient and
sound trial strategy.”  This conclusory statement does not inform us of the
legal or factual basis of appellant’s complaint and is unsupported by citation
to authority or to the record; hence, this argument is waived.  See Tex. R. App. P. 38.1(i).  Second, he
complains that at the start of the sentencing hearing, trial counsel said he
had no objection to the presentence investigation report.  Appellant does not,
however, identify any legal objection that should have been raised.  Cf.
Ortiz v. State, 93 S.W.3d 79, 93 (Tex. Crim. App. 2002) (en banc) (“When an
ineffective assistance claim alleges that counsel was deficient in failing to
object to the admission of evidence, the defendant must show, as part of his
claim, that the evidence was inadmissible.”).[2] 
Thus, this argument also is waived.

            Appellant
next points out that he and attorney Pena initially signed certifications that
incorrectly identified this as a plea-bargain case in which appellant had no
right to appeal.  But a defendant is not entitled to perfect or error-free representation
and ineffective assistance of counsel cannot be established by isolating one portion
of defense counsel’s performance for examination.  Hawkins v. State, 283
S.W.3d 429, 436 (Tex. App.—Eastland 2009, pet. ref’d).  Appellant does not
explain how these errors, which ultimately were corrected, rendered his counsel
ineffective.  More importantly, he concedes that these mistakes caused him no
prejudice.  

            Finally,
appellant testified that after he was sentenced, Portz incorrectly advised him
that the trial court imposed a ten-year sentence to “scare” him but was likely
to give him “shock probation” after he began serving his sentence.[3]  On appeal, he
states that his trial counsel failed to follow through on this option.  But a
defendant found guilty of sexual assault or indecency with a child is
statutorily barred from receiving shock probation,[4] and under the
applicable standard of review, we must presume that the trial court was not
persuaded that Portz suggested otherwise.  In any event, the conversation
described by appellant allegedly occurred after appellant was sentenced and
long after he entered his guilty plea, and therefore could not have affected the
outcome of proceedings that were concluded before the conversation began.  

 

V.  Conclusion

            We
overrule the sole issue presented on appeal and we affirm the trial court’s
judgment.

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Indeed, there is no
evidence that it was Vasquez and not appellant himself who previously retained
Portz to represent Buy Our Homes.  





[2] Although the PSI report
is not part of the record before us, its inclusion was neither requested nor
required.  See Tex. R. App. P.
34.5(a); Jackson v. State, 69 S.W.3d 657, 660 (Tex. App.—Texarkana 2002,
no pet.).  It is not clear that the report was entered into evidence.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(j) (Vernon Supp. 2009) (addressing confidential nature of PSI
reports).  In any event, we need not consider the contents of the report to
address the arguments presented in this appeal.  See Jackson, 69 S.W.3d
at 660.





[3] During the first 180 days
after sentencing a defendant to imprisonment for an offense other than a state
jail felony, the trial court retains jurisdiction to suspend further execution
of the sentence and place the defendant on community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 6.  This is known as “shock probation.”






[4] See id. art.
42.12, §§ 3g(a)(1)(C), 3g(a)(1)(H), and 6(a)(1).