**Affirmed and Memorandum Opinion filed December 15, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00139-CR**
_____

**DANTE TERRELL WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1202834**

## MEMORANDUM OPINION

Appellant, Dante Terrell Williams, pled guilty to aggravated robbery without an agreed recommendation from the State as to punishment. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). He appeals his sentence of thirty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. In one issue, he argues the sentence is cruel and unusual punishment in violation of the United States Constitution and the Texas Constitution. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On February 9, 2009, appellant walked into a Blockbuster store armed with a shotgun. Appellant demanded that the manager, Todd Pryor ("Pryor"), give him the money in the registers and safe. Due to the time-delay mechanism of the safe, appellant had to wait in the store for ten minutes before the safe would open. During that time, Pryor took appellant to the video games section to help him locate games he wanted to take. At some point during the robbery, a customer from the store exited and called the police. When police arrived, appellant fled the store. Officer Mike Wisnoski of the Houston Police Department chased appellant on foot. Wisnoski testified that appellant attempted to shoot at him, but was unable to do so. Believing appellant was going to shoot him, Wisnoski fired shots at appellant. During the chase, appellant fell and lost his shotgun. When appellant attempted to get into a vehicle, an officer was able to get close enough to appellant to use a taser gun to apprehend him.

Without an agreed recommendation from the State as to punishment, appellant pled guilty to the charge of aggravated robbery. At the punishment stage, the State alleged that appellant had a prior felony conviction for engaging in organized criminal activity, and appellant pled "true" to this enhancement paragraph. After listening to the testimony of the State's witnesses, the trial court found appellant guilty and sentenced him to thirty-five years' confinement.

# II. ANALYSIS

In one issue appellant challenges his sentence as grossly disproportionate to the crime committed and therefore in violation of the prohibition on cruel and unusual punishment. Appellant argues that his sentence violates the constitution of the United States and the Texas constitution. *See* U.S. CONST. amend VII; TEX. CONST. Art. I, § 13. Although appellant asserts this claim under both the state and federal constitutions, he cites

2

no authority establishing that his protection under the Texas Constitution exceeds or differs from that provided by the Eighth Amendment to the U.S. Constitution. Accordingly, we examine his argument solely under the Eighth Amendment. *See Arnold v. State*, 873 S.W.2d 27, 33 (Tex. Crim. App. 1993); *Buster v. State*, 144 S.W.3d 71, 81 (Tex. App.—Tyler 2004, no pet.); *see also Johnson v. State*, 853 S.W.2d 527, 533 (Tex. Crim. App. 1992) ("[A]ppellant proffers no argument or authority as to the protection offered by the Texas Constitution or how that protection differs from the protection guaranteed by the U.S. Constitution. We decline to pursue appellant's Texas Constitutional arguments for him.").

Almost every right, constitutional or statutory, may be waived by failing to object. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). Specifically, an objection based on cruel and unusual punishment must be made in the trial court or it is waived on appeal. *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *see also Battle v. State*, 348 S.W.3d 29, 30–31 (Tex. App.—Houston [14th Dist.] 2011, no pet.). After announcing the thirty-five year sentence, the trial court asked if appellant had anything to say. Appellant stated "[n]o, sir." Moreover, appellant did not file a motion for new trial objecting to his sentence. Appellant failed to preserve his complaints for appellate review. *See Curry*, 910 S.W.2d at 497; *Battle*, S.W.3d at 31.

Appellant argues that recent precedent from the Texas Court of Criminal Appeals suggests that an objection at trial is not required to preserve this error for appellate review. *See Meadoux v. State*, 325 S.W.3d 189 (Tex. Crim. App. 2010). We conclude that this argument is without merit. In *Meadoux*, the preservation question was not raised by the State in the court of appeals; the court of appeals did not address the matter; and review was not granted by the Court of Criminal Appeals for consideration of that issue. *Id.* at 193 n.5. The court noted that "a court of appeals may not *reverse* a judgment of

3

conviction without first addressing any issue of error preservation." *Id.* The Court of Criminal Appeals therefore concluded that because it would ultimately affirm the judgment of the court of appeals, it was unnecessary to address the preservation issue or remand the case for consideration of that matter. *Id.* In its brief to this court, the State argues that appellant failed to preserve error. Thus, *Meadoux* does not control our disposition of this case. *See Ham v. State*, No. 07-09-00331-CR, 2011 WL 5105452, at *5 (Tex. App.—Amarillo Oct. 27, 2011, no pet. h.) ("*Meadoux* does not excuse appellant from preserving his complaint in the trial court.").

Even if appellant had preserved error, however, we could not conclude that his sentence is disproportionate to the offense for which he was charged. Punishment assessed within the statutory limits is generally not considered cruel and unusual. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *see also Baldridge v. State*, 77 S.W.3d 890, 893–94 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) ("It has long been recognized that if the punishment assessed is within the range of punishment established by the Legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment."). Appellant was convicted of aggravated robbery, a first-degree felony, and he pleaded "true" to a felony enhancement paragraph, elevating the range of punishment to fifteen to ninety-nine years or life and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.42(c)(1), 29.03(a)(2), 71.02 (West 2011). Therefore, appellant's sentence falls well within the statutory limits.

Despite the fact that appellant's sentence is within the statutory range, he contends that his sentence is grossly disproportionate to the crime when compared to the gravity of the offense. Criminal sentences must be proportionate to the crime and even a sentence within the statutorily prescribed range may violate the Eighth Amendment. *See Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009, 77 L. Ed. 2d 637 (1983); *Baldridge*, 77

4

S.W.3d at 893. The principle is rarely applied to invalidate a sentence for a term of years. *See Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 1173, 155 L. Ed. 2d 144 (2003) (noting that gross-disproportionality principle applies "only in the 'exceedingly rare' and 'extreme' case" (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring in part and concurring judgment))).

In conducting an Eighth-Amendment proportionality analysis, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Harris v. State*, 204 S.W.3d 19, 29 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *Baldridge*, 77 S.W.3d at 893. Only upon determining that the sentence is grossly disproportionate to this particular crime do we then consider: (a) the sentences for similar crimes in the same jurisdiction; and (b) the sentences for the same crime in other jurisdictions. *Baldridge*, 77 S.W.3d at 893.

First, we must compare the gravity of the offense against the severity of the sentence. *See Harris*, 204 S.W.3d at 29. Appellant walked into a Blockbuster store in the middle of the afternoon, brandishing a firearm. Pryor testified that appellant pointed the gun directly at him and demanded money from the registers and the safe. Pryor stated that he was "on edge the whole time," and "[v]ery, very nervous and scared." While chasing appellant from the scene, Wisnoski saw appellant grab a shotgun from under his clothing and point it at him. Concluding appellant was attempting to shoot him, Wisnoski shot at appellant. Appellant fell during the pursuit and dropped his gun. Ultimately, it took a taser to apprehend appellant. Given the gravity of appellant's crime, we cannot conclude that his sentence is grossly disproportionate to this particular offense.[1]

---

[1] In similar situations, other Texas courts have upheld such sentences. *See Jackson v. State*, 69 S.W.3d 657, 659–60 (Tex. App.—Texarkana 2002, no pet.) (finding sentence of fifty-five years for aggravated robbery was not disproportionate to the crime where defendant robbed a liquor store armed with

Under these circumstances, we conclude that the sentence imposed in this case does not run afoul of the state or federal prohibitions against cruel or unusual punishment.   We overrule appellant's sole issue.

## III. CONCLUSION

We affirm the judgment of the trial court.


/s/     Tracy Christopher
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Christopher.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

a gun); *Jacobs v. State*, 80 S.W.3d 631, 632–35 (Tex. App.—Tyler 2002, no pet.) (finding sentence of fifty years for aggravated robbery was not disproportionate to the crime where defendant robbed convenience store armed with a knife).